IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICK CHARLES HOPPER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:22-cv-01051 |
| | ) Judge Trauger |
| ENBRIGHT CREDIT UNION, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

Patrick Hopper, a pretrial detainee in custody at the Sumner County Jail in Gallatin, Tennessee, has filed a pro se "Petition for Writ of Habeas Corpus – False Imprisonment" (Doc. No. 1) in which he challenges the legality of his detention upon a probable cause affidavit "pursuant to 1983, (USCA) 2241, 2254 & all other[]" applicable laws. (*Id.* at 1, 10.)

Title 28, Section 2254 of the United States Code authorizes "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court," whereas Section 2241 of that title authorizes habeas relief for a person awaiting trial on pending charges. *See Phillips v. Court of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012). Because the petitioner "challenges the propriety of criminal charges still pending against him," his Petition for Writ of Habeas Corpus is properly construed under Section 2241. *Ealy v. Schrand*, No. CV 2:20-21-DCR, 2020 WL 1031026, at *1 (E.D. Ky. Mar. 3, 2020) (citing *Smith v. Coleman*, 521 F. App'x 444, 447 (6th Cir. 2013)).

However, the petitioner has not resolved the matter of the filing fee. The fee for filing a habeas petition is five dollars. 28 U.S.C. § 1914(a). If the petitioner is unable to pay the five dollars, he must file an application for leave to proceed IFP declaring that he is unable to pay the fee,

accompanied by a certificate from an appropriate jail official showing the amount of money that he has in his inmate trust account. Rule 3(a), Rules Gov'g § 2254 Cases.[1] The Clerk is **DIRECTED** to send the petitioner a blank IFP application form (Form AO 240).

The petitioner's submission of either the filing fee or IFP application must be **RECEIVED** in this court within **30 DAYS** of the date this order is entered on the docket and must include the docket number assigned to this case, **No. 3:22-cv-01051**.

The petitioner is cautioned that failure to comply with this order (or seek an extension of time within which to do so) within the time frame specified, or failure to keep the court apprised of his current address, may result in the dismissal of this action.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

[1] These rules also apply to Section 2241 cases. *See* Rule 1(b), Rules Gov'g § 2254 Cases.

2

Case 3:22-cv-01051   Document 4   Filed 02/13/23   Page 2 of 2 PageID #: 30