IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICK CHARLES HOPPER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 3:22-cv-01051 ) Judge Trauger |
| ENBRIGHT CREDIT UNION, et al., | ) ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

Patrick Hopper, a pretrial detainee in custody at the Sumner County Jail, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 22, 2022. (Doc. No. 1.) In response to the court's deficiency order, the petitioner paid the filing fee on February 23, 2023. (Doc. No. 5.)

## I. INITIAL REVIEW

The case is now before the court for an initial review under Habeas Rule 4, which requires the court to examine the petition to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Gov'g § 2254 Cases.[1] The court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Dismissals under Rule 4 "are not limited to petitions that raise legally frivolous claims, but also extend to petitions containing factual allegations that are palpably incredible or false." *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999) (citing *Small v. Endicott*, 998 F.2d 411, 414 (7th

---

[1] These rules also apply to Section 2241 cases. *See* Rule 1(b), Rules Gov'g § 2254 Cases.

Cir. 1993)). The Sixth Circuit has stated that "the District Court has a duty to screen out" facially insufficient petitions. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citing 28 U.S.C. § 2243).

In this case, the petition asserts the unlawfulness of the petitioner's arrest and continued detention for alleged financial crimes, based on the insufficiency of the probable-cause affidavit signed by a state judicial officer and attached to the petition. (Doc. No. 1 at 10.) The petitioner claims that he is being "[i]llegally, falsely imprisoned" because the affidavit used to justify his detention "fails to prov[ide] the basis of any criminal activity of the plaintiff-petitioner." (*Id.* at 2.) As relief, the petitioner seeks to be released from custody, to have all charges and other criminal process ("all injunctions, restraining orders, court order[s], writs of attachment, and other legal documents executed against petitioner, petitioner's accounts, properties, etc.") set aside and dismissed, and to have his record expunged. (*Id.* at 7.) He also seeks to have the respondents "held civilly [and] criminally responsible for their acts against the petitioner." (*Id.* at 8.)

Section 2241 petitions filed while state charges are still pending are typically dismissed as premature, unless they present exhausted claims that the prosecution violates double jeopardy or speedy trial rights. *Ealy v. Schrand*, No. CV 2:20-21-DCR, 2020 WL 1031026, at *1–2 (E.D. Ky. Mar. 3, 2020) (citing, *e.g.*, *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981), and *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17–18 (1st Cir. 2000)). A state pretrial detainee may seek federal habeas relief under Section 2241 in those limited circumstances, but he "may not generally seek habeas relief to forestall state prosecution altogether." *Abernathy v. U.S. Marshal Serv.*, No. 2:08-CV-14663, 2008 WL 4858442, at *1 (E.D. Mich. Nov. 10, 2008) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–91 (1973)). Here, the petitioner does not seek an order for the state to bring him to trial or to dismiss on double-jeopardy grounds. He claims a right to dismissal of the state charges and related process—*i.e.*, "to forestall

state prosecution altogether"—due to their legal insufficiency. (*See* Doc. No. 1 at 7–8.) Accordingly, the petition is subject to dismissal as premature.

Even if the petition were liberally construed to raise a colorable claim to relief under Section 2241, the court must abstain from exercising habeas jurisdiction as a matter of comity "if the issues raised in the petition may be resolved either by trial on the merits or by other available state procedures." *Abernathy*, 2008 WL 4858442, at *1 (citing *Atkins*, 644 F.2d at 546). "Intrusion into state proceedings already underway is warranted only in extraordinary circumstances." *Atkins*, 644 F.2d at 546; *see Younger v. Harris*, 401 U.S. 37, 45 (1971). In this case, the claim of the petition is based solely on evidentiary issues surrounding the financial transactions which led to the petitioner's arrest. (*See* Doc. No. 1 at 2–4.) These evidence-based issues can and should be resolved in state court as part of the petitioner's defense to the charges against him.

## II. CONCLUSION

In sum, upon initial review of the petition it plainly appears that the petitioner is not entitled to relief in the district court at this time. Further proceedings in this court are not warranted.

Accordingly, this case is **DISMISSED** without prejudice.

Because "a plain procedural bar is present" in this case and jurists of reason could not find that it was incorrectly invoked or that the petitioner should be allowed to proceed further, no certificate of appealability shall issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). For the same reasons, the court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge